IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WEIH STEVE CHANG, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE HON. LEO E. STRINE, JR., ) <br> THE HON. JAMES T. VAUGHN, JR., and ) <br> THE STATE OF DELAWARE, ) <br> ) <br> Defendants. ) | C.A. No. 16-1050-GMS |

## **MEMORANDUM**

### I. **INTRODUCTION**

On November 14, 2016, the Plaintiff, Weih Steve Chang ("Plaintiff"), initiated this action against The Honorable Leo E. Strine, Jr., The Honorable James T. Vaughn, Jr., and the State of Delaware, ("Defendants") alleging what the court believes to be violations of the Equal Protection Clause pursuant to 42 U.S.C. § 1983. (D.I. 1.)[1] Presently before the court is Defendants' Motion to Dismiss for Failure to State a Claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 4.) The court will grant Defendants' Motion.

### II. **BACKGROUND**

On July 27, 2016, Plaintiff filed a civil Racketeer Influenced and Corrupt Organizations ("RICO") Act action in the Superior Court of Delaware alleging sexual molestation by a judicial officer on behalf of hundreds of alleged victims. (D.I. 1, ¶ 2.) The RICO action was bifurcated from a civil action originally filed in the Court of Chancery of Delaware on October 22, 2017.

---

[1] This case was originally before Judge Sue Robinson and, upon her retirement from judicial service, was reassigned to this judge on August 2, 2017.

(D.I. 1, ¶¶ 4-5.) The Chancery Court dismissed the action "primarily because Plaintiff is not an attorney." *Id.* Plaintiff alleges that on October 21, 2016, Defendant Justice Vaughn "denied Plaintiff's Petition [for legal representation] without performing the "*Matthews* Test" or the "*Tabron* Test" and on November 6, 2016, Defendant Chief Justice Strine "ordered that Plaintiff submit his opening brief by November 14, 2016, without legal representation." (D.I. 1, ¶¶ 20-23.)

## III. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal where the plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the court "accept[s] all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). A Plaintiff must provide sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requirement of plausibility is satisfied when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## IV. DISCUSSION

Defendants argue that Plaintiff's action arising from the Defendants' failure "to perform the *Matthews* Test and/or the *Tabron* Test on Plaintiff's Petition for Court-Appointed Counsel[]"

2

should be dismissed for failure to state a claim, pursuant to Rule 12(b)(6). (D.I. 4); (D.I. 1, ¶ 26.)[2]

Defendants argue that Plaintiff fails to state a claim upon which relief can be granted for at least two reasons. (D.I. 4.) First, Defendants allege that the Complaint expressly acknowledges that there is a pending state court appeal relating to Plaintiff's instant claim. *Id.* at 2. Second, Defendants argue that the claims are otherwise barred by absolute judicial immunity and qualified immunity. *Id.*[3] The court agrees.

## A. **Immunity**

To state a claim under Section 1983, Plaintiff must show "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United

---

[2] Defendants ask the court to require that any dismissal include a provision requiring Plaintiff obtain leave of court before filing further litigation against the State. (D.I. 4 at 3.) While Plaintiff has filed numerous actions against the State, the court will decline to institute such requirement. It is well known that every litigant is entitled to their day in court. The court, however, takes notice of the volume of cases Plaintiff has filed.

Initially, Plaintiff began filing cases involving a false claims action and claims relating to his child custody issues but expanding to general claims regarding prosecution of crimes of child molestation. *Chang v. Children's Advocacy Center of Delaware [CAC], et. al.*, C.A. No. 15-442 SLR (D. Del.) (false claims action against CAC involving claim that CAC does not use a mandated multi-disciplinary team approach when conducting child abuse investigation and treatment; motions to dismiss and to amend the complaint pending); *Chang v. Mayo*, C.A. No. 15-901 SLR (sealed complaint against State Family Court Commissioner Jennifer L. Mayo, alleging judicial misconduct; case voluntarily dismissed after Plaintiff's request for a stay was denied); *Chang v. State of Delaware, et al.*, C.A. No. 15-963 LPS (seven count complaint against Delaware Department of Services for Children, Youth and Their Families, CAC, City of Wilmington and others, relating to child custody issues; dismissed on 9/27/16, and appealed, *pro se*, on 10/27/16); *Chang v. Bradley, et al.*, C.A. No. 16-1008 SLR (claims against Delaware's Office of Management and Budget, Pensions and Division of Revenue, asserting claims on behalf of alleged victims of child molestation and claiming that the State agencies are improperly paying pension benefits to a former state judge; motion to dismiss to be filed); *Chang v. Children's Advocacy Center of Delaware, Inc.*, C.A. No. 121632-VCS (Del. Ch.) (complaint purportedly on behalf of child victims, alleging claims against numerous state officials, employees and state deputy attorneys general regarding alleged deficiencies in protecting children; case dismissed for failure to state a claim and lack of standing; appeal pending; opening brief overdue); *Matter of Pet. of Chang for Writ of Mandamus*, 2016 WL 4382643 (Del. Aug. 18, 2016) (dismissing mandamus petition seeking arrest of former state judge); *Chang v. Mayo*, C.A. No. N15C-10-100 EMD, 2016 WL 3640260 (Del. Super. June 28, 2016) (as in federal case 15-901, alleging claims against Commissioner Mayo; dismissed due to absolute judicial immunity, lack of a private right of action, and sovereign immunity); *Matter of Pet. of Chang for Writ of Mandamus*, 2016 WL 5899243 (Del. Aug. 18, 2016) (dismissing second mandamus petition seeking arrest of former Judge Bradley).

[3] The court recognizes the limited circumstances to which the *Rooker-Feldman* doctrine applies and, therefore, addresses the motion on other grounds. *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923), *overruled on other grounds by D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (The doctrine "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

3

States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011). Plaintiff does not plead *any* conduct relating to the State of Delaware in his Complaint and, therefore, the claim against the State is frivolous and devoid of any merit. (D.I. 1.) Because there are no facts to support *any* claim against the State of Delaware, the court will grant Defendants' motion as to the State.[4]

Next, Plaintiff's sole assertion against Chief Justice Leo E. Strine, Jr., and Justice James T. Vaughn, Jr. is that they violated the Due Process Clause by "refusing to perform the *Matthews* Test and/or the *Tabron* Test on Plaintiff's Petition for Court-appointed Counsel[]." (D.I. 1, ¶ 26.)[5] Plaintiff seeks injunctive relief, and compensatory damages for the expenses accumulated during litigation. (D.I. 1 at 5-6.)

Judicial officers are immune from damage suits arising out of their official duties. *Stump v. Sparkman*, 435 U.S. 349 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority. . . ." *Sparkman*, 435 U.S. at 356. Judicial immunity may only be overcome in limited circumstances when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Although the Supreme Court has held that a cause of action for injunctive relief may be maintained against judicial officers or the federal government, *see Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949), immunity principles still apply, and,

---

[4] The court recognizes that the State is immune from suit under the Eleventh Amendment. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996) (Eleventh Amendment of United States Constitution protects a nonconsenting state or state agency from suit brought in federal court by one of its own citizens, regardless of relief sought).

[5] The court believes the "*Matthews* Test" to which Plaintiff refers is the test to determine whether an individual has received due process under the Constitution of the United States. *Mathews v. Eldridge*, 424 U.S. 319 (1976). This test is inapplicable here. Turning to the *Tabron* Test, "Section 1915(d) gives district courts broad discretion to request an attorney to represent an indigent civil litigant. Such litigants have no statutory right to appointed counsel" *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).

4

except in very limited circumstances, judges are immune from suits for injunctive relief. *See Rush v. Wiseman*, 2010 WL 1705299 (E.D. Pa. Apr. 27, 2010) (judge's immunity from civil liability can only be overcome for non-judicial actions and where actions of judicial nature are taken in the "complete absence of all jurisdiction."); *Klein v. U.S. Bank*, 2010 WL 5018881 (M.D. Pa. Nov. 15, 2010). Congress amended 42 U.S.C. § 1983 to provide that "injunctive relief shall not be granted" in an action brought against a judicial official for an act or omission taken in such officer's judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable. *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (citing 42 U.S.C. § 1983); 42 U.S.C. § 1983 (*abrogating in part Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984) (holding judicial immunity is not a bar to prospective injunctive relief against a judge acting in her judicial capacity)).

Here, Plaintiff's factual allegations are based solely on the judicial actions taken by Defendants. While Plaintiff disagrees with the decision-making process, nothing in Plaintiff's complaint can be interpreted as an allegation that any of the Defendants acted outside of their judicial functions or in the clear absence of jurisdiction. Even if these rulings were in error or in excess of authority, there is no plausible allegation that they were undertaken without appropriate jurisdiction. The court will, therefore, grant Defendants' motion as to Defendants Chief Justice Leo E. Strine, Jr., and Justice James T. Vaughn, Jr.

## V. CONCLUSION

For the foregoing reasons the court will grant Defendants' motion to dismiss in full. (D.I. 4.)

Dated: April 3, 2018

_____
UNITED STATES DISTRICT COURT

5